# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHERYL ELAINE ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CV-468-TCK-JFJ ) |
| AHS HILLCREST MEDICAL CENTER, LLC, A Foreign Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is Defendant AHS Hillcrest Medical Center, LLC's ("Defendant") Motion to Dismiss (Doc. 6) filed pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff, Sheryl Elaine Anderson ("Plaintiff") opposes the motion (Doc. 9). For the foregoing reasons, Defendant's Motion to Dismiss is DENIED as to Counts I and II, and GRANTED as to Count III.

Plaintiff asserts claims against her former employer for violations of the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 et seq. ("ADEA") and for retaliation. Plaintiff also brings a state law claim for intentional infliction of emotional distress. Defendant contends this Court should dismiss Counts I and II, which encompass the age discrimination and retaliation claims based on Plaintiff's failure to properly and timely exhaust the administrative process, and should dismiss Count III, Plaintiff's state law claim for intentional infliction of emotional distress because it is untimely.[1]

---

[1] Plaintiff admits her intentional infliction of emotional distress claim is barred due to the applicable statute of limitations and agrees dismissal of this claim is appropriate.

**I. Rule 12(b)(6) Standard**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* ––– U.S. –––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008). Of course, well-pleaded facts are distinguished from conclusory allegations, and "unsupported conclusions of the pleader may be disregarded, especially when limited or negated by the substance of facts pleaded." *Cohlmia v. Ardent Health Services, LLC*, 448 F. Supp. 2d 1253, 1262 (N.D. Okla. 2006) (quoting *Lillard v. Stockton,* 267 F.Supp.2d 1081, 1093 (N.D.Okla.2003) (internal citations and quotations omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id.* at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the

legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir.2007) (internal quotation omitted).

"When a motion to dismiss alleges that the plaintiff asserting employment discrimination claims failed to exhaust administrative remedies in a timely manner, the motion is appropriately analyzed under Rule 12(b)(6) . . . " *Matthews v. First Nations Cmty. Healthsource*, 2013 WL 12334007, at *3 (D.N.M. Mar. 19, 2013), citing, *Douglas v. Norton*, 167 F. App'x 698, 704–05 (10th Cir. 2006). Exhaustion of administrative remedies with the EEOC is a prerequisite to filing a suit under the ADEA. *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007); *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005). The employee must file a Charge of Discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred pursuant to 42 U.S.C. §2000e-5 (e)(1).

**II. Background**

Plaintiff was employed by Defendant in November 2006. Defendant terminated Plaintiff on February 14, 2017. In order to satisfy the timeliness requirement of 42 U.S.C. § 2000e-5(e)(1), Plaintiff was required to exhaust her remedies with the EEOC by December 11, 2017. The Plaintiff first contacted the EEOC on December 7, 2017 which was within the 300-day statutory period. At the time Plaintiff submitted her initial paperwork to the EEOC, she did not have the assistance of counsel. The EEOC investigator scheduled an interview with Plaintiff on January 18, 2018.

The Plaintiff participated in the January 18, 2018 interview and was informed that her case had been opened, and an investigation was taking place which included visiting her former employer. The investigator informed Plaintiff she would be notified when the investigation was complete.

Plaintiff alleges despite numerous unanswered voicemails requesting the status of her Charge, the investigator never returned her calls. Plaintiff further contends she called the EEOC office in Washington, D.C. to assert a complaint and inquire about the length of the investigation. She was told they "dropped the ball" and were "reopening her case." Shortly thereafter, she received a Charge of Discrimination in the mail on April 19, 2019. Within days of signing and returning her Charge, she received a Notice of Right to Sue.

Defendant contends Plaintiff's failure to sign her Formal Charge of Discrimination within the statutory timeframe bars her claims under the ADEA. Plaintiff asserts that her claims should not be dismissed as a result of the EEOC's failure to timely investigate and complete the paperwork necessary for her to file her claims.

**III. Analysis**

Plaintiff completed the General Intake Questionnaire on December 7, 2017 and submitted it to the EEOC through its online portal that same day. It is generally recognized that a plaintiff's initial General Intake Questionnaire will be considered a Formal Charge of Discrimination for purposes of exhaustion requirements. "A charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1195 (10th Cir. 2004) citing 29 C.F.R. Sec. 1601.12(b)). Further, in *Fed. Exp. Corp. v. Holowecki*, the Supreme Court ruled that the General Intake Questionnaire may be deemed a Charge of Discrimination under Title VII when the Charge contains, (1) the names of the charged party; (2) a statement describing the alleged discrimination; and (3) a request for the agency to take action. *Holowecki*, 128 S. Ct. 1147, 1157-1158 (U.S. 2008). Plaintiff satisfied each of the elements set forth in *Holowecki*. Plaintiff named the charged party, described the allegations of

4

discrimination in her answers to the Questionnaire including details about her allegations of age discrimination. Her submission was assigned an EEOC Inquiry Number of 564-2018-00364. "We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones v. U.P.S., Inc.,* 502 F.3d at 1186. As such, the Court finds Plaintiff's General Intake Questionnaire is deemed a formal Charge of Discrimination and her ADEA claims have been exhausted.

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 6) is GRANTED in part and DENIED in part.

**IT IS SO ORDERED this 20th day of March, 2020.**

TERENCE C. KERN
United States District Judge